**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna L. Polson,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner<br>of the Social Security Administration,<br><br>    Defendant. | No. CV-13-8309-PCT-LOA<br><br>**ORDER** |

This case arises on the Court's review of *pro se* Plaintiff's Complaint and Motion for Leave to Proceed *in forma pauperis*, filed at the same time on December 30, 2013. (Docs. 1-2)

**I. The Complaint**

Though she cites irrelevant federal statutes, Plaintiff's *pro se* Complaint appears to appeal from an adverse ruling by the Commissioner on a claim for Social Security disability benefits. The Complaint simply alleges without further elaboration: "The pleader (Plaintiff) is entitled to relief and review because [Plaintiff] received new and material evidence and the d cision [sic] is contrary to the weight of all the evidence now in the record." (Doc. 1) Plaintiff does not specify the issue(s) she is appealing to the District Court of Arizona as a result a denial at the administrative level of Plaintiff's Social Security claim. Moreover, Plaintiff does not identify the "new and material evidence" to which she refers or explain why she believes this evidence may be presented for apparently the first time on appeal rather than at the administrative level.

**II. Social Security Appeals**

    **A. Role of the District Court**

Title 42 U.S.C. § 405(g) is the federal statute governing judicial review of a final decision of the Commissioner of the Social Security Administration. *See* 42 U.S.C. § 405(g); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988). "The Commissioner's denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record. If the evidence can support either outcome, the Commissioner's decision must be upheld." *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (*per curiam*); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). A Social Security claimant may not successfully appeal a denial of disability benefits simply because her claim was denied without clearly setting forth valid reason(s) why the Administrative Law Judge's ("ALJ") or Appeals Council's decisions were erroneous.

Under the Social Security Act, the only avenue for judicial review is outlined in 42 U.S.C. § 405(g), which requires exhaustion of administrative remedies "as a jurisdictional prerequisite" before a district court may consider a Social Security appeal. *Medeiros v. U.S. Social Sec. Admin.*, 2012 WL 629152, at *3 (D. Haw. Jan. 3, 2012) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 327–30 (1976)). Judicial review is only available after "any final decision of the Commissioner of Social Security made after a hearing." *Id.* (quoting *Bass v. Soc. Sec. Admin*, 872 F.2d 832, 833 (9th Cir. 1989)). An ALJ's "[d]ecision does not become final until the plaintiff requests review before an Appeals Council, and the Appeals Council either grants or denies review." *Id.* (citing 20 C.F.R. § 404.900).

"District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Act." *Kimzey v. Commissioner of Social Sec.*, 2011 WL 1230818, at *1 (E.D. Cal. March 30, 2011). The sole function of a district court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the proper legal standards were applied. *Clark v. Apfel*, 98 F.Supp.2d 1182 (D. Or. 2000); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983). Substantial evidence means more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted); *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The ALJ is responsible for resolving conflicts, determining credibility, and resolving ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If sufficient evidence supports the ALJ's determination, a district court cannot substitute its own determination. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). A district court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).

**B. Jurisdictional Review**

Section 405(g) mandates that a claimant seeking judicial review of the Commissioner's final administrative decision must file such action with the appropriate district court "within sixty (60) days after the mailing to h[er] of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g); *see also Lawson v. Astrue*, 2010 WL 2594938, at *1 (W.D. Wash. June 24, 2010). "By regulation, the Secretary has required that any civil action be filed within sixty (60) days of receipt of the notice." *Lawson*, 2010 WL 2594938, at *1 (citing 20 C.F.R. § 422.210(c)). "The date of receipt is presumed to be five days after the date of notice, unless there is a reasonable showing to the contrary." *Id.* (citing 20 C.F.R. § 422.210(c)). "Any action seeking review of a final decision of the Commissioner of Social Security must be commenced within sixty days after the mailing of the notice of such decision."*Anthes v. U.S.*, 214 Fed.Appx. 694 (9th Cir. 2006) (citing 42 U.S.C. § 405(g)).

A federal district court is a court of limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). "[I]t is presumed that a cause lies outside[]" the jurisdiction of federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co.*

511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir.1992) (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "A [district] court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co*., 322 F.3d 660, 665 (9th Cir. 2003).

There is no date alleged in the Complaint when the Commissioner's administrative decision became final nor is there attached to the Complaint the Appeals Council's notice mailed to Plaintiff of its final decision. Thus, the Court is unable to determine whether the District Court of Arizona has jurisdiction to adjudicate Plaintiff's appeal.

**C. New Evidence**

Under 42 U.S.C. § 405(g), a district court may remand a denial of a Social Security claim after a final determination if new evidence is presented that is material to the claim and good cause exists for not presenting the evidence earlier. *Fernandez v. Massanari*, 12 Fed. Appx. 620, 621 (9th Cir. 2001) (citation omitted); *Orteza v. Shalala*, 50 F.3d 748, 751 (9th Cir. 1995). Good cause may be established if the evidence became available after the Commissioner's final decision and the claimant could not have obtained the evidence earlier. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985); *see also Gibb v. Commissioner of Social Sec*., 420 Fed.Appx. 767 (9th Cir. 2011) ("A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his . . . claim has been denied . . . Gibb failed to show that he could not have obtained the information earlier.") (internal quotation marks and citations omitted).  "Section 405(g) . . . applies only to new evidence that is not part of the administrative record and is presented in the first instance to the district court." *Brewes v. Commr. of Soc. Sec. Admin*., 682 F.3d 1157, 1164 (9th Cir. 2012).

Plaintiff fails to identify what the "new and material evidence" is, why it was not presented to the ALJ, and what the good cause may be for Plaintiff's failure to present the new evidence to the Commissioner before her claim became final.

## III. Screening

In cases wherein a plaintiff is proceeding *in forma pauperis*, a district court is required to screen cases and dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Screening IFP cases seeking judicial review of Social Security rulings is also required by § 1915(e)(2). *Rhett v. New Jersey State Sup. Ct.*, 260 Fed. Appx. 513 (3rd Cir. 2008); *Wheeler v. Social Sec. Admin.*, 2010 WL 3784891 (E.D. Cal. Sept. 24, 2010); *Robinson v. Social Sec. Admin.*, 2010 WL 2772626 (E.D. Wis. July 13, 2010).

A plaintiff's complaint must provide, among others, "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), Fed.R. Civ.P., which explains, in the context of a Social Security appeal, the legal errors made by the ALJ as well as any decisions made by the ALJ without the support of substantial evidence. *See Duryea v. Social Sec. Admin.*, 2012 WL 1983344, at *3 (D. Ariz. June 4, 2012) (citing *Hinton v. Social Sec. Admin.*, 2011 WL 3489663, at *1 (D. Ariz. Aug. 9, 2011); *Pizarro v. Social Sec. Admin.*, 2008 WL 220320, at *1 (E.D. Cal. Jan. 25, 2008)). "[A] short and plain statement" must allege the errors the ALJ purportedly made. Plaintiff's allegations that "The pleader is entitled to relief and review because [Plaintiff] received new and material evidence and the [decision] is contrary to the weight of all the evidence now in the record[]" fails to give the Commissioner fair notice of the alleged error the ALJ and Appeals Council committed and fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Rather than dismissing the Complaint at this time, the Court will give Plaintiff an opportunity to amend the deficient Complaint. *See Schrock v. Federal Nat. Mortg. Ass'n*, 2011 WL 3348227, at *9 (D. Ariz. Aug. 3, 2011) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

## IV. Pro Se Cases

Plaintiff is informed that although a *pro se*'s pleadings may be held to a less stringent standard than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.

1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, *pro se* litigants "must meet certain minimal standards of pleading." *Holsey v Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Arey v Harris*, No. 74-2360 (4th Cir. 1975) (stating that *pro se* litigants "must adhere to the rudimentary dictates of civil procedure.").

While this Court recognizes the significant challenges a non-lawyer, *pro se* litigant may have in representing herself, the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine district judges' [or magistrate judges'] role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

**V. Conclusion**

The Court finds that Plaintiff's Complaint fails to state a claim that entitles her to relief because it simply fails to provide how the ALJ erred and the reasoning that, if proven, would entitle her to relief in this District Court. The Court will not dismiss this action at this time, but rather, will order Plaintiff to amend her Complaint to specify the plausible legal error(s) made by the ALJ, in accordance with Fed.R.Civ.P. 8(a), and the "new and material evidence" not identified or discussed in the original Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff is warned that if she fails to comply with this Order, her appeal may dismissed. The Court will not grant Plaintiff's Motion for Leave to Proceed *in forma pauperis* until Plaintiff complies with this Order and recommends she obtain the assistance of a lawyer to represent her.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d

1  565, 567 (9th Cir. 1987).

2  Accordingly,

3  **IT IS ORDERED** that, on or before **Friday, January 17, 2014,** Plaintiff shall file an Amended Complaint, setting forth the alleged legal error made by the ALJ and the reasoning for such legal or factual error in accordance with this Order.

6  **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, must hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona ("Local Rules" or "LRCiv"), including LRCiv 16.1 dealing with procedure in Social Security cases.  The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/.

11  DATED this 7th day of January, 2014.

Lawrence O. Anderson
United States Magistrate Judge