**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna L. Polson, | No. CV-13-8309-PCT-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

*Pro se* Plaintiff commenced this Social Security appeal on December 30, 2013 by filing Plaintiff's Complaint and Motion for Leave to Proceed *in forma pauperis*. (Docs. 1-2) On the same day, the case was randomly assigned to Magistrate Judge Lawrence O. Anderson. (Doc. 3) After screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2) on January 7, 2014, Judge Anderson ordered Plaintiff to file an Amended Complaint by January 17, 2014, setting forth the alleged error committed by the ALJ and the reasoning for such legal or factual error in accordance with the Court's Order. (Doc. 4)  In Judge Anderson's January 7, 2014 Order, Plaintiff was warned that if she fails to comply with the Court's Order, her appeal may be dismissed. (Doc. 4 at 3)

On February 3, 2014, Judge Anderson issued an Order to Show Cause due to Plaintiff's failure to comply with the Court's January 7, 2014 Order to show cause in writing on or before 5:00 p.m. on Friday, February 21, 2014 why this social security appeal should not be dismissed without prejudice for failing to comply with the Court's prior orders.  To

1  date, Plaintiff has not complied with the Court's orders.

2  In his February 3, 2014 Order to Show Cause, doc. 5, Judge Anderson forewarned Plaintiff that "[i]t is well established that '[d]istrict courts have inherent power to control their docket.'" *Ready Transportation, Inc., v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)) and that a district court's inherent power also authorizes it to dismiss an entire action to rein in abusive or dilatory conduct. *Atchison*, 146 F.3d at 1074 (recognizing inherent power to dismiss an action to sanction abusive conduct such as judge-shopping or failure to prosecute).

3  This inherent power, however, "must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Ready Transp., Inc.*, 627 F.3d at 404-405 (citing *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986) (*per curiam*) (requiring a district court to weigh, among other factors, "the availability of less drastic sanctions" before resorting to dismissal as a sanction). A district court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

4  A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "'disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)). *See also Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (public interest "in expeditious resolution of litigation," court's need to manage docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the

1  merits, availability of lesser sanctions, bad faith of violating party, relationship between
2  conduct and merits justify sanction).

3        *Pro se* Social Security appeals may be dismissed for failure to comply with court
4  orders. *See Tripp v. Commissioner of Social Sec. Admin.*, 471 Fed.Appx. 631 (9th Cir. 2012)
5  (district court did not abuse its discretion in dismissing claimant's petition for failure to
6  prosecute and failure to comply with court orders); *Hinton v. Astrue*, 2012 WL 2389948 (D.
7  Ariz. June 25, 2012) (appeal is dismissed without prejudice due to Plaintiff's failure to file
8  a timely opening brief and comply with the Court's order); *Griffith v. Astrue*, 2008 WL
9  783524 (E.D. Cal. March 24, 2008) (Social Security appeal dismissed without prejudice for
10 failure to comply with court orders and prosecute)

11       The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 et seq., mandates
12 the early and on-going judicial management of the pretrial process. Under the CJRA
13 mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and
14 strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf*
15 *Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992).
16 Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil
17 Procedure] that [the Rules] 'be construed to secure the just, speedy and inexpensive
18 determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (emphasis in
19 original). Plaintiff's failures to timely comply with Judge Anderson's January 7th and
20 Feburary 3rd, 2014 orders are frustrating the speedy and inexpensive resolution of this case.

21       In determining whether to dismiss a case for failure to comply with court orders,
22 district courts weigh five factors: (1) the public interest; (2) the court's need to manage the
23 docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition
24 of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d
25 at 1260-61. Plaintiff's failures to comply with court orders are frustrating the Court's
26 responsibilities mandated by Rule 1, Fed.R.Civ.P., and the Civil Justice Reform Act of 1990,
27 28 U.S.C. § 471 *et seq.*, such as, "setting early, firm trial dates, such that the trial is scheduled
28 to occur to occur *within eighteen months* after the filing of the complaint. . . ." 28 U.S.C. §

473(a)(2) (emphasis added). Plaintiff's *pro se* status does not discharge her obligation to "abide by the rules of the court in which [she] litigate[s]." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

After considering the adequacy of lesser sanctions, that Plaintiff has been forewarned that sanctions may be imposed, and weighing all five *Ferdik* factors to determine if dismissal is appropriate due to Plaintiff's failure to comply with prior court orders, the Court concludes that dismissal of Plaintiff's Complaint without prejudice is appropriate and just under the circumstances of this case.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Complaint is hereby **DISMISSED** without prejudice. The Clerk is kindly directed to terminate this case.

DATED this 27th day of March, 2014.

/s/ Susan R. Bolton
Susan R. Bolton
United States District Judge

- 4 -